## Lewis Swift & wife vs. Josiah S. Prentice.

Commissioners, appointed by a court of probate, set off dower to a widow, in the estate of F., her husband, including a parcel of land on the east side of a road, and duly returned their doings: The widow entered upon the premises thus set off to her, and remained in possession thereof until her death: No division of F.'s real estate was ever made among his heirs: During the life of the widow, the heirs conveyed, by deed containing covenants of warranty and against incumbrances, "all the real estate that was set off to the heirs of F. on the east side of the road." *Held,* that this deed did not convey the reversion expectant on the determination of the estate in dower.

Writ of entry to recover a fractional part of a parcel of land in Oxford. The demandants counted on their own seizin, within twenty years, in right of the female demandant. The case was submitted to the court on the statement of facts which follows:

" The demanded premises are part of the land set off to Abigail Forbes, as dower in the estate of her husband, William Forbes, who died in May 1807. In April 1809, said Abigail's dower was set off to her, by warrant from the probate court, duly executed, returned, filed and recorded in the probate office, in May 1809; but no evidence is furnished, by the probate records, that the return of the commissioners on said warrant was accepted by the judge of probate. The commissioners, in their return, described the several parcels of said William's real estate, by metes and bounds, and appraised the whole at the sum of $5214. They then set off to his widow, Abigail Forbes, as her dower, a part of the deceased's dwelling-house, and three lots of land, part of which was on the east side of the road. This return was signed by the commissioners, by Abigail Forbes, the widow, and by 'John Turner, agent for the heirs of said deceased.'

" The said William Forbes died intestate, seized of real estate of which the demanded premises are part, and left two brothers and three sisters, his heirs at law, to wit, James Forbes, John Forbes, father of Anna Swift, one of the demandants, Lydia Forbes, Anna Forbes, and Sally Forbes. No evidence is furnished by the probate records, or otherwise, that any

division of said real estate was had or made among said heirs, previously to the 22d day of April 1812, the date of the deed from said heirs, hereinafter mentioned.

" The widow of said William entered upon and occupied her dower, as described in said return to the probate court, till her decease, which was in December 1842.

" The said John Forbes died intestate in 1820, leaving the said Anna Swift, the female demandant, and three other children, his heirs at law.

" The demandants are entitled to the share of the said Anna Swift in the demanded premises, unless the court shall be of opinion that the reversion of said dower passed by a deed, which said John Forbes, (father of said Anna,) and the other heirs of said William, made and executed, of part of the real estate of said William, not set off to the widow, on the 22d day of April 1812, to Alpheus Eddy, in which the estate conveyed is described as follows : ' All the real estate that was set off to the heirs of William Forbes deceased, on the east side of the road leading from Oxford to Worcester, with the buildings standing thereon, set off to said heirs.' This deed contained covenants of warranty and against incumbrances.

" The premises demanded in this action are situated and lie to the east of the road mentioned in said deed to said Eddy, and adjoin the other part of the real estate of said William, sold to said Eddy."

*Bacon,* for the demandants. The question is, whether the deed of April 1812 conveyed the reversion expectant on the determination of the estate in dower. The dower was well set off, at common law, if not by statute. *Conant* v. *Little,* and *Jones* v. *Brewer,* 1 Pick. 189, 314. *Shattuck* v. *Gragg,* 23 Pick. 88. The heirs assented to the setting out of the dower, by their agent who signed the return. The widow entered, and was in possession when the deed was given. The deed mentions a setting off to the heirs, which was not literally true ; but all that was not set off to the widow was considered, by the heirs, as set off to them. In this view of the matter, the deed ratified the assignment of dower. As

the deed was with covenants of warranty and against incumbrances, though the widow was in possession of her dower, it cannot be supposed that the heirs intended to convey the land that was assigned to her as dower.

*Newton*, for the tenant. The grantors who executed the deed to Eddy meant to convey their inheritance in the estate of their brother, on the east side of the road. The whole difficulty, if any, arises from the use of the words " set off to the heirs." The scrivener meant the real estate which " came to the heirs " of William Forbes.

WILDE, J. This case depends on the construction of the deed from John Forbes, the father of Anna, one of the demandants, and from whom they derive title in her right ; it being admitted that they are entitled to recover the said Anna's share in the premises claimed, unless the same passed by the deed of the said John Forbes. The premises conveyed by that deed are thus described : " All the real estate, that was set off to the heirs of William Forbes, deceased, on the east side of the road leading from Oxford to Worcester, with the buildings standing thereon, set off to said heirs." It does not appear that any division of said estate among said heirs was ever made, prior to the deed of the said John ; but it does appear, by the records of the probate court, that the dower of the widow of the said William Forbes was duly assigned, in pursuance of a warrant from the judge of probate ; and although it does not appear by the record, that the return of the commissioners was ever accepted by the judge of probate, yet as the return was recorded, its acceptance must be presumed. The dower being thus set off, the residue of the estate may be considered as set off to the heirs, by implication And we have no doubt that the deed of the said John Forbes had reference to the lands remaining to the heirs after the said assignment of dower. The deed was with warranty, and a covenant against incumbrances, which confirms the construction, that the lands set off to the widow were not intended to be conveyed, nor the remainder expectant on the death of the widow. *Judgment for the demandants*